Lincoln D. Bandlow, Esq. (CA #170449)
lincoln@bandlowlaw.com
Law Offices of Lincoln Bandlow, PC
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Tel.: (310) 556-9680
Fax: (310) 861-5550

Attorney for Plaintiff
Strike 3 Holdings, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

vs.

JOHN DOE subscriber assigned IP address 73.162.81.234,

Defendant.

Case Number: 5:21-cv-00760-VKD

Honorable Virginia K. DeMarchi

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT**

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

III. DISCUSSION ........ 2

A. Jurisdiction and Service of Process ........ 2

B. Legal Standard For Default Judgment ........ 2

C. Application to the Case at Bar ........ 3

1. Plaintiff Will Suffer Prejudice Absent a Default Judgment ........ 3

2. Plaintiff's Substantive Claim is Meritorious and Plaintiff's Complaint is Sufficient ........ 4

3. Plaintiff's Request for Monetary Relief is Reasonable and Appropriate ........ 5

4. The Material Facts of this Litigation are Established ........ 6

5. Defendant's Failure to Defend Is Not the Result of Excusable Neglect ........ 6

6. The Policy of Adjudication on the Merits Does Not Foreclose The Entry Of A Default Judgment ........ 7

D. Relief Sought ........ 7

1. Damages ........ 7

2. Permanent Injunctive Relief is Warranted ........ 8

3. Attorney's Fees ........ 10

4. Costs ........ 10

IV. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. Inc*,
No CV. 5:14-02140-RMW, 2016 WL 4728119 .......... 6

*Aldabe v. Aldabe*,
616 F.2d 1089 (9th Cir. 1980) .......... 2

*Cobbler Nevada, LLC v. Inglesias*,
No. 15-CV-05313-EDL, 2016 WL 8453643 (N.D. Cal. Dec. 16, 2016) .......... 3, 4, 7, 8, 9

*Criminal Prods., Inc. v. Gunderman*,
No. C16-1177-RAJ, 2017 WL 3297518 (W.D. Wash. Aug. 1, 2017) .......... 5

*Dallas Buyers Club, LLC v. Bui*,
No. CV 14-1926-RAJ, 2016 WL 1242089 (W.D. Wash. Mar. 30, 2016) .......... 8

*eBay, Inc. v. MercExchange, LLC*,
547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) .......... 8

*Eitel v. McCool*,
782 F.2d 1470 (9th Cir. 1986) .......... 3

*Elektra Entm't Group, Inc. v. Crawford*,
226 F.R.D. 388 (C.D. Cal. 2005) .......... 5, 6

*Elektra Entm't Grp., Inc. v. Keys*,
No. C 006-2047 SBA, 2007 WL 81912 (N.D. Cal. Jan. 9, 2007) .......... 5

*Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) .......... 4

*Hearst Holdings, Inc. v. Kim*,
No. CV074642GAFJWJX, 2008 WL 11336137 (C.D. Cal. Aug. 17, 2008) .......... 6

*In re Tuli*,
172 F.3d 707 (9th Cir. 1999) .......... 2

*Jackson v. Sturkie*,
255 F.Supp.2d 1096 (N.D. Cal. 2003) ........................................ 7

*L.A. News Serv. v. Reuters Television Intern., Ltd.*,
149 F.3d 987 (9th Cir. 1998) ........................................ 7

*LaFace Records v. Khan*,
No. C 08-1043 PJH (JL), 2008 WL 11395481 (N.D. Cal. Nov. 19, 2008) ........................................ 5

*LHF Prods., Inc. v. Buenafe*,
No. 216CV01804JADNJK, 2017 WL 4797523 (D. Nev. Oct. 24, 2017) ........................................ 3, 7

*ME2 Prods., Inc. v. Pagaduan*,
No. CV 17-00130 SOM-KJM, 2017 WL 8786920 (D. Haw. Dec. 29, 2017) ........................................ 9

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
518 F. Supp. 2d 1197 (C.D. Cal. 2007) ........................................ 9

*Microsoft Corp. v. Big Boy Distribution LLC*,
589 F.Supp.2d 1308 (S.D. Fla. 2008) ........................................ 9

*Minx Int'l, Inc. v. Rue 21 Inc.*,
No. 215CV05645CASPLAX, 2017 WL 2961546 (C.D. Cal. July 10, 2017) ........................................ 6

*Nat'l Photo Grp., LLC v. Pier Corp.*,
No. SACV131165DOCJPRX, 2014 WL 12576641 (C.D. Cal. Mar. 10, 2014) ........................................ 10

*Pearson Educ., Inc. v. Wong*,
No. CV 09-1889 SC, 2010 WL 476685 (N.D. Cal. Feb. 3, 2010) ........................................ 5, 7

*PepsiCo, Inc. v. California Sec. Cans*,
238 F. Supp. 2d 1172 (C.D. Cal. 2002) ........................................ 3

*Perfect 10, Inc. v. Giganews, Inc.*,
847 F.3d 657 (9th Cir. 2017) ........................................ 4

*Priority Records LLC v. Rodriguez*, No. CVF060484AWILJO, 2007 WL 120033 (E.D. Cal. Jan. 11, 2007) ........................................ 5

*Sanrio, Inc. v. Jay Yoon*,
No. CV 5:10-05930 EJD, 2012 WL 610451 (N.D. Cal. Feb. 24, 2012) .................................. 7

*Shanghai Automation Instrument Co. v. Kuei*,
194 F. Supp. 2d 995 (N.D. Cal. 2001)....................................................................... 6

*Sony Music Entm't Inc. v. Elias*,
No. CV03-6387DT(RCX), 2004 WL 141959 (C.D. Cal. Jan. 20, 2004)................................. 8

*TeleVideo Sys., Inc. v. Heidenthal*,
826 F.2d 915 (9th Cir. 1987) .............................................................................. 2, 3, 4

*UMG Recordings, Inc. v. Blake*,
No. CV 5:06-00120-BR, 2007 WL 1853956 (E.D.N.C. June 26, 2007)................................. 9

*UMG Recordings, Inc. v. Sanchez*,
No. C 06-03457JSW, 2007 WL 485955 (N.D. Cal. Feb. 12, 2007)........................................ 5

**Statutes**

17 U.S.C. § 502(a)........................................................................................... 8

17 U.S.C. § 504 ............................................................................................... 4

17 U.S.C. § 504(a)(2) ........................................................................................ 7

17 U.S.C. § 504(c)............................................................................................ 5

17 U.S.C.A. § 505 ........................................................................................... 10

28 U.S.C. § 1331 .............................................................................................. 2

28 U.S.C. § 1338 .............................................................................................. 2

**Rules**

Fed. R. Civ. P. 55 ............................................................................................. 1

Fed. R. Civ. P. 55(a).......................................................................................... 1

Federal Rule of Civil Procedure 55(b)(2)................................................................. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3"), by and through its counsel of record, and pursuant to Fed. R. Civ. P. 55, hereby submits its Memorandum of Points and Authorities in Support of its Motion for Default Judgment ("Motion") filed contemporaneously herewith against Emmanuel Andaya ("Defendant"), and in support thereof, states:

## I. INTRODUCTION

Strike 3 seeks default judgment against Defendant for failure to plead or otherwise defend against Plaintiff's Complaint ("Complaint") requesting relief for copyright infringement of Plaintiff's motion pictures listed by copyright registration number in and attached to the Complaint as Exhibit A. Dkt. 1-1. Defendant, having been properly served with a summons and notified of this litigation, has failed to appear or respond to Plaintiff's Complaint. As a result, Strike 3 now seeks default judgment by this Court awarding: (1) injunctive relief and whatever other equitable relief this Court deems just and appropriate; (2) statutory damages under the Copyright Act; and (3) such reasonable costs incurred by Plaintiff in this litigation.

## II. BACKGROUND

Since the subscriber's identity was initially unknown to Plaintiff, Plaintiff filed a pure bill of discovery in Florida state court requesting the Court's authorization to serve discovery on the subscriber's Internet Service Provider ("ISP"). The Court granted this motion and pursuant to the issuance of a third-party subpoena, Defendant's ISP disclosed the subscriber's true identity to Plaintiff. *See* Declaration of Lincoln D. Bandlow ("Bandlow Decl.") filed concurrently herewith. Defendant is not a minor, incompetent person, or in active military service. *Id.* On January 29, 2021, Plaintiff filed its Complaint in this action. Dkt. 1.

Plaintiff served Defendant with a Summons and the Complaint on February 24, 2021. *See* Proof of Service. Dkt. 13. Defendant failed to plead or otherwise defend against Plaintiff's Complaint. On May 5, 2021, Plaintiff sent a letter to Defendant at the address identified by the ISP informing Defendant of Plaintiff's intention to move for a default judgment if Defendant did not respond to the Complaint. Defendant did not respond to that letter. Bandlow Decl. On

May 11, 2021, Plaintiff filed and served a request that the Clerk of the Court enter Defendant's default pursuant to Fed. R. Civ. P. 55(a). Dkt. 17. That request was granted and default was entered on May 11, 2021. Dkt. 18.

## III. DISCUSSION

### A. Jurisdiction and Service of Process

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). Here, the Court has jurisdiction as to both. Moreover, service of process was properly effectuated in this matter.

#### 1. Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

#### 2. Personal Jurisdiction

This Court has personal jurisdiction over Defendant because Defendant resides within this District. Indeed, Defendant is an individual residing at 1751 Marco Polo Way, Apartment 8 .Burlingame, California 94010.

#### 3. Service of Process

Here, service of process was proper. Plaintiff personally served Defendant with a Summons and Complaint on February 24, 2021. *See* Proof of Service. Dkt. 13. Moreover, Defendant is not a minor or an otherwise incompetent person. *Supra*. Because no exemption to personal service applies to this litigation, service under Fed. R. Civ. P. 4(e) was proper.

### B. Legal Standard For Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

1980). In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for the court to consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("*Eitel*"). Where a default judgment is granted, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Upon entry of default, all factual allegations within the complaint are accepted as true, except those allegations relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### C. Application to the Case at Bar

#### 1. Plaintiff Will Suffer Prejudice Absent a Default Judgment

The first *Eitel* factor examines whether Plaintiff would be prejudiced if default judgment is not entered. Here, Defendant's infringement of Plaintiff's copyrights has been numerous and prolonged. And, "[g]iven the nature of BitTorrent software, [Defendant] may be exacerbating [Plaintiff's] injury by seeding the file to the BitTorrent swarm." *LHF Prods., Inc. v. Buenafe,* No. 216CV01804JADNJK, 2017 WL 4797523, at *2 (D. Nev. Oct. 24, 2017) (granting plaintiff's motion for default judgment). Absent entry of a default judgment, Plaintiff has no other means to stop Defendant's infringement or obtain compensation for violations of Plaintiff's copyrights. "If [Plaintiff's] motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Accordingly, this factor weighs in Plaintiff's favor.

### 2. <u>Plaintiff's Substantive Claim is Meritorious and Plaintiff's Complaint is Sufficient</u>

"The second and third *Eitel* factors require that a plaintiff's allegations state a claim upon which it can recover." *Cobbler Nevada, LLC v. Inglesias*, No. 15-CV-05313-EDL, 2016 WL 8453643, at *2 (N.D. Cal. Dec. 16, 2016), report and recommendation adopted, No. 15-CV-5313 CRB, 2017 WL 878039 (N.D. Cal. Mar. 6, 2017). Plaintiff's allegations in the Complaint support its copyright infringement claim. It is well-settled that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991). In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (citation omitted).

Plaintiff's Complaint alleges that Plaintiff has registered with the Copyright Office all Works in this litigation. *See* Dkt. 1-1. Additionally, Plaintiff alleged that Defendant willfully copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol. *See* Dkt. 1-1. These allegations, supported by Plaintiff's experts, are taken as true where Defendant has failed to respond to them. *See TeleVideo Sys.*,826 F.2d at 917–18.

This Court has previously accepted similar claims in default judgment actions. Indeed, in *Cobbler Nevada*, where the plaintiff made similar allegations as the instant Plaintiff, the Court held that the rightsholder had made its prima facie case for copyright infringement over the BitTorrent network. *Cobbler Nevada, LLC v. Inglesias*, No. 15-CV-05313-EDL, 2016 WL 8453643, at *2 (N.D. Cal. Dec. 16, 2016), report and recommendation adopted, No. 15-CV-5313 CRB, 2017 WL 878039 (N.D. Cal. Mar. 6, 2017). As such, Plaintiff's substantive claim is meritorious and Plaintiff's complaint is sufficient. Therefore, these factors weigh in favor of default judgment.

**3. Plaintiff's Request for Monetary Relief is Reasonable and Appropriate**

Next, the Court must consider the amount Plaintiff is requesting in monetary damages. Pursuant to 17 U.S.C. § 504, a copyright owner may elect to recover an award of statutory damages in an amount "not less than $750 or more than $30,000 as the court considers just." *Id*. Moreover, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Plaintiff's Complaint seeks statutory damages under the Copyright Act's statutory damages provision, and the amount at issue therefore consists of discretionary awards bounded by statutory minimums and maximums." *Pearson Educ., Inc. v. Wong*, No. CV 09-1889 SC, 2010 WL 476685, at *6 (N.D. Cal. Feb. 3, 2010) (citing 17 U.S.C. § 504(c)). "The discretionary nature of the amount at issue favors default judgment." *Id.* (citing *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005)).

Courts routinely hold that an award of minimum statutory damages is reasonable and appropriate. *UMG Recordings, Inc. v. Sanchez*, No. C 06-03457JSW, 2007 WL 485955, at *2 (N.D. Cal. Feb. 12, 2007) ("Because plaintiffs seek only the minimum statutory damages available under the statute, the request is ascertainable and reasonable."); *Elektra Entm't Grp., Inc. v. Keys*, No. C 006-2047 SBA, 2007 WL 81912, at *2 (N.D. Cal. Jan. 9, 2007) (same); *Criminal Prods., Inc. v. Gunderman*, No. C16-1177-RAJ, 2017 WL 3297518, at *4 (W.D. Wash. Aug. 1, 2017) ("[T]he Court remains convinced that the statutory minimum of $750 is the appropriate award in this case as to each Defendant."); *Priority Records LLC v. Rodriguez*, No. CVF060484AWILJO, 2007 WL 120033, at *3 (E.D. Cal. Jan. 11, 2007), report and recommendation adopted, No. CV F 06-0484AWILJO, 2007 WL 416093 (E.D. Cal. Feb. 5, 2007) ("As plaintiffs seek minimum statutory damages […], their statutory damages request is reasonable and proper."). "Here, [Plaintiff] [is] seeking only the minimum statutory damages. Accordingly, [Plaintiff's] request for statutory damages is reasonable and appropriate in this

case." *LaFace Records v. Khan*, No. C 08-1043 PJH (JL), 2008 WL 11395481, at *3 (N.D. Cal. Nov. 19, 2008), report and recommendation adopted sub nom. *Laface Records, LLC v. Khan*, No. C 08-1043 PJH, 2008 WL 11395482 (N.D. Cal. Dec. 5, 2008).

**4. <u>The Material Facts of this Litigation are Established</u>**

The fifth *Eitel* factor considers the possibility that material facts are disputed. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Minx Int'l, Inc. v. Rue 21 Inc.*, No. 215CV05645CASPLAX, 2017 WL 2961546, at *4 (C.D. Cal. July 10, 2017), *quoting PepsiCo*, 238 F. Supp. 2d at 1177. "As explained above, plaintiff has adequately pleaded its claim for copyright infringement. Defendant has failed to appear. Thus, the Court accepts the allegations as true. Because [Plaintiff's] factual allegations are presumed true, no factual disputes exist that would preclude the entry of default judgment." *Minx Int'l, Inc. v. Rue 21 Inc.*, No. 215CV05645CASPLAX, 2017 WL 2961546, at *4 (C.D. Cal. July 10, 2017); *Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *See Adobe Sys. Inc*, No CV. 5:14-02140-RMW, 2016 WL 4728119 at *5 ("There is no genuine issue of material fact because the allegations in the complaint are taken as true."). Because the well-pleaded Complaint makes a claim for copyright infringement, and since the allegations in the Complaint are substantiated, this factor favors default judgment.

**5. <u>Defendant's Failure to Defend Is Not the Result of Excusable Neglect</u>**

The sixth *Eitel* factor considers the possibility that default resulted from excusable neglect. Here, nothing on the record supports a finding that Defendant's default resulted from excusable neglect. Defendant was personally served with a summons and the Complaint on February 24, 2021. Dkt. 13. Defendant was sent a letter to the same address where he was served informing him of an intention to pursue default if he did not respond to the Complaint. Bandlow Decl. Finally, the Clerk entered default on May 11, 2021. Dkt. 18. Still, Defendant failed to appear or respond. "In such circumstances, default cannot be attributed to excusable

neglect." *Id.* (citing *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001)). Indeed, when a Defendant has more than enough time to respond and fails to file an answer or appear in the action, it becomes apparent that he is deliberately choosing to not answer. *See Hearst Holdings, Inc. v. Kim*, No. CV074642GAFJWJX, 2008 WL 11336137, at *5 (C.D. Cal. Aug. 17, 2008). Accordingly, this factor favors default judgment.

**6. <u>The Policy of Adjudication on the Merits Does Not Foreclose The Entry Of A Default Judgment</u>**

"While it is preferable to decide cases on the merits whenever possible, this preference is not dispositive. Where a party fails to defend against a complaint, as [Defendant] has failed here, Rule 55 authorizes the Court to enter default judgment." *Pearson Educ., Inc. v. Wong*, No. 09-1889 SC, 2010 WL 476685, at *6 (N.D. Cal. Feb. 3, 2010). Here, "[b]ecause [Defendant] has failed to respond to anything at all in this action, it is not possible to decide this case on its merits, so this factor, too, weighs in favor of default judgment." *LHF Prods., Inc. v. Buenafe*, No. 216CV01804JADNJK, 2017 WL 4797523, at *5 (D. Nev. Oct. 24, 2017). Plaintiff has performed its duties diligently and in a timely manner. Despite this policy of adjudication on the merits, Defendant's unresponsive posture tips the scales in favor default judgment.

Since all of the *Eitel* factors weigh in favor of Plaintiff's request, Plaintiff respectfully request that the Court enter a Default Judgment against Defendant.

**D. Relief Sought**

**1. <u>Damages</u>**

In this matter, Plaintiff seeks the minimum statutory damages for each work infringed. Since Defendant has infringed on 35 of Plaintiff's copyrights, this amounts to $26,250 (35 x $750). It is well-established that under the Copyright Act, "awards of statutory damages serve both compensatory and punitive purposes . . . ." *Sanrio, Inc. v. Jay Yoon*, No. CV 5:10-05930 EJD, 2012 WL 610451, at *4–5 (N.D. Cal. Feb. 24, 2012) (quoting *L.A. News Serv. v. Reuters Television Intern., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998)). In particular, "[s]tatutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or

to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages." *Jackson v. Sturkie,* 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003). The Copyright Act states that, "an infringer of copyright is liable for . . . statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). Subsection (c) goes on to state that Plaintiff may recover "with respect to any one work, for which any one infringer is liable individually, [. . .] in a sum of not less than $750 or more than $30,000" and, if that "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* §§ 504(c)(1)–(2).

Regarding allegations of willfulness, they are "deemed to be true on default." *Cobbler Nevada*, No. CV 15-05313-EDL, 2016 WL 8453643 at *4 (citing *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008)). When it is alleged that a defendant willfully infringed a copyrighted work, "the Court must take these allegations as true." *Cobbler Nevada, LLC,* 2016 WL 8453643, at *4. "[A]vailable statutory damages range from $750 to $150,000." *Cobbler Nevada*, No. CV 15-05313-EDL, 2016 WL 8453643 at *4. In this case, despite the fact that it would be entirely appropriate for Plaintiff to seek a high statutory damages amount based on the Defendant's willful infringement, Plaintiff is only requesting the minimum statutory amount permitted under the Copyright Act - $750 for each work infringed – which amounts to $26,250 (35 x $750).[1] Thus, the recovery sought has been reduced to the absolute minimum and is reasonable.

**2. Permanent Injunctive Relief is Warranted**

The Copyright Act authorizes courts to issues permanent injunctions to "prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in

[1] Since Plaintiff only seeks minimum statutory damages, no evidentiary hearing is necessary. *Sony Music Entm't Inc. v. Elias*, No. CV03-6387DT(RCX), 2004 WL 141959, at *4 (C.D. Cal. Jan. 20, 2004) ("Since Plaintiffs seek only minimum statutory damages which are ascertainable from the Complaint, no evidentiary hearing is necessary.")

equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). "As in numerous other BitTorrent cases . . . the four elements are established here." *Dallas Buyers Club, LLC v. Bui*, No. CV 14-1926-RAJ, 2016 WL 1242089, at *3 (W.D. Wash. Mar. 30, 2016) (citation omitted).

First, Plaintiff has suffered irreparable harm. Not only has Defendant downloaded Plaintiff's works, Defendant has also distributed the works ***globally*** through the BitTorrent network. And, due to the nature of BitTorrent, tracing the extent and magnitude of the damage is impossible. There is also no way for Plaintiff to know with whom specifically Defendant continues to distribute Plaintiff's copyrighted motion pictures, which limits Plaintiff's scope of liability to just the individual Defendant. *Cf. Microsoft Corp. v. Big Boy Distribution LLC*, 589 F.Supp.2d 1308, 1321 (S.D. Fla. 2008) ("Generally, a showing of copyright infringement liability and threat of future violations is sufficient to warrant entry of a permanent injunction."). To that end, monetary relief is inadequate because the scope of the damage is so far-reaching and is ongoing. Indeed, no amount of money can compensate Plaintiff for the ongoing worldwide distribution of its copyrighted works through the BitTorrent swarms that Defendant joined. *See Cobbler Nevada*, No. CV 15-05313-EDL, 2016 WL 8453643 at *4 (citation omitted) ("Defendant's failure to respond to the suit, alongside Plaintiff's pleadings, suggests that Defendant's infringing activities will not cease absent judicial intervention").

Defendant will also not suffer a hardship if this permanent injunction is entered against him. Plaintiff's injunction seeks to stop Defendant from continuing to download and distribute Plaintiff's Works. Since Defendant *never* had permission or a right to do this, he suffers no hardship by entry of a permanent injunction. The injunction does not prohibit Defendant from obtaining access to expressive works – it simply requires Defendant to do so lawfully. On the other hand, Plaintiff's hardship absent an injunction is significant. Specifically, Plaintiff risks having more of its motion pictures distributed over the BitTorrent network wherein additional peers download and distribute Plaintiff's motion pictures to additional peers who subsequently

join the swarms. *See ME2 Prods., Inc. v. Pagaduan*, No. CV 17-00130 SOM-KJM, 2017 WL 8786920, at *5 (D. Haw. Dec. 29, 2017), *report and recommendation adopted as modified*, No. CV 17-000130 SOM/KJM, 2018 WL 1069463 (D. Haw. Feb. 27, 2018) ("[W]ithout an injunction, Defendant will likely be the source for others to repeatedly download the Works.").

Finally, the public interest would not be disserved by a permanent injunction because Plaintiff's Congressional right to have and enforce its copyrights far outweighs Defendant's illegal acts. *See e.g., Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1222 (C.D. Cal. 2007) (citation omitted) ("The public interest in receiving copyrighted content for free is outweighed by the need to incentivize the creation of original works."); *UMG Recordings, Inc. v. Blake*, No. CV 5:06-00120-BR, 2007 WL 1853956, at *3 (E.D.N.C. June 26, 2007) ("[T]here is a substantial public interest in preserving a copyright holder's exclusive rights and no public interest will be disserved by enjoining Defendant from continuing this activity."). Accordingly, all the foregoing factors make a permanent injunction against Defendant appropriate and warranted.

**3. <u>Attorney's Fees</u>**

Despite it being expressly allowed under the Copyright Act, Plaintiff is not seeking its attorney fees in this case.

**4. <u>Costs</u>**

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party[.]" 17 U.S.C.A. § 505. The filing fee and service of process fee are reconsidered reasonable costs in court cases. *Nat'l Photo Grp., LLC v. Pier Corp.*, No. SACV131165DOCJPRX, 2014 WL 12576641, at *5 (C.D. Cal. Mar. 10, 2014) (holding that $400 for the filing fee and $65 for service of process is a reasonable cost). Here, Plaintiff seeks to recover only its filing fee in the amount of $400.00 and the cost of 258.97 for service of process. As such, these costs are reasonable and should be awarded.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter a default judgment in favor of Plaintiff and against Defendant, in the form of the Proposed Default Judgment and Permanent Injunction attached hereto.

Dated: June 10, 2021.

Respectfully submitted,

By: /s/ *Lincoln D. Bandlow*
Lincoln D. Bandlow, Esq.
Law Offices of Lincoln Bandlow, PC
*Attorney for Plaintiff*