1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| STRIKE 3 HOLDINGS, LLC, | Case Number: 5:21-cv-00760-VKD |
| Plaintiff, | Honorable Virginia K. DeMarchi |
| vs. | |
| JOHN DOE subscriber assigned IP address 73.162.81.234, | **[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT** |
| Defendant. | |

THIS CAUSE came before the Court on the Motion for Default Judgment Against Emmanuel Andaya ("Motion") filed by Plaintiff Strike 3 Holdings, LLC ("Plaintiff"). Having considered the Motion, being otherwise duly advised in the premises, and good cause appearing, the Court hereby

**FINDS**:

1. The address of Plaintiff is:

   Strike 3 Holdings, LLC
   c/o Lincoln D. Bandlow, Esq.
   Law Offices of Lincoln Bandlow, PC
   1801 Century Park East, Suite 2400
   Los Angeles, CA 90067
   E-mail: lincoln@bandlowlaw.com

2. The name and address of Defendant is:

   Emmanuel Andaya
   1751 Marco Polo Way Apt 8
   Burlingame, California 94010

3. This Court has jurisdiction over the subject matter of this case and the parties.

4. Venue is proper in this District.

5. The Complaint states claims for direct copyright infringement, in violation of 17 U.S.C. § 101 upon which relief may be granted against Defendant.

6. Defendant has failed to plead or otherwise defend against Plaintiff's Complaint, Dkt. 1, in this action.

7. Default was entered as to Defendant on May 11, 2021.

8. Defendant is not a minor, incompetent person or in active military service.

9. By reason of default, Defendant has admitted the truth of the allegations in Plaintiff's Complaint.

10. Under Count I of the Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

11. Defendant will continue to cause Plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the 35 copyrighted works listed on Exhibit A attached hereto (the "Works") through Defendant's use of the BitTorrent protocol to upload and download the Works between and among peer users without authorization from Plaintiff.

12. There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Works.

13. Entry of a permanent injunction against Defendant is in the public interest because it "preserv[es] the integrity of copyright laws which encourage individual effort and creativity by granting valuable enforceable rights." *DSC Communications Corp. v. DGI Technologies*, 898 F. Supp.1183, 1196 (N.D. Tex. 1995).

14. In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Default Judgment shall be binding upon Defendant and all other persons in active concert or participation with Defendant who receives actual notice of this Default Judgment.

15. Plaintiff has submitted a Declaration demonstrating that Plaintiff expended a total of $658.97 in costs, which amount this Court finds reasonable.

Based on the foregoing findings, it is:

**ORDERED AND ADJUDGED** that Defendant Emmanuel Andaya:

(a) shall pay to Plaintiff the sum of $26,250.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $658.97 for costs, as authorized under 17 U.S.C. § 505, making a total of $26,908.97, **for which let execution issue forthwith**;

(b) shall pay to Plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction;

(c) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) and/or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

(d) be and hereby is ordered to destroy all copies of Plaintiff's works that the Defendant Emmanuel Andaya has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody, or control.

(e) The Court shall retain jurisdiction over this action for six months or until the judgment is satisfied to entertain such further proceedings supplementary and to enter such

further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment.

**DONE AND ORDERED** this ___ day of _____, 2021.

By: _____
United States Magistrate Judge
Honorable Virginia K. DeMarchi