UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EMMANUEL ANDAYA,<br><br>Defendant. | Case No. 21-cv-00760-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 20 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed this action for copyright infringement and now moves for default judgment. No party has consented to proceed before a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Additionally, defendant Emmanuel Andaya has not appeared and is in default.

All named parties must consent to magistrate judge jurisdiction before a magistrate judge may hear and decide a case. 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Because not all parties have consented to magistrate judge jurisdiction, this Court directs the Clerk of the Court to reassign this action to a district judge, with the following report and recommendation that Strike 3's motion for default judgment be granted with some modification.

**REPORT AND RECOMMENDATION**

I.  **BACKGROUND**

Strike 3 alleges that it owns the registered copyrights for several motion pictures. Dkt. No. 10 ¶¶ 2, 42, 45, 56 and Ex. A.[1] According to the complaint, Mr. Andaya used the BitTorrent

---

[1] Due to the adult nature of the content, Strike 3 omitted the title of the films from the chart appended as Exhibit A to its complaint. As discussed below, this Court will order Strike 3 to

1  protocol to illegally (and anonymously) download and distribute 35 of Strike 3's motion pictures.
2  *Id.* ¶¶ 4, 5 and Ex. A.  Strike 3 initially did not know Mr. Andaya's identity but says that its
3  investigation traced the alleged infringing activity to the internet protocol ("IP") address
4  73.162.81.234.  Prior to filing the present action, Strike 3 obtained a Florida state court order
5  permitting Strike 3 to serve a subpoena on internet service provider ("ISP") Comcast Cable to
6  discover the subscriber for that IP address.  *Id.* ¶ 5.  Based on the information received in response
7  to that subpoena, as well as publicly available sources and its own investigation, Strike 3 says that
8  it identified Mr. Andaya as "the true infringer."  *Id.* ¶ 6.

9  Strike 3 then filed the present action in this Court by filing a complaint, redacting all of
10  Mr. Andaya's identifying information.  Dkt. No. 1.  Shortly after, the Court provisionally granted
11  Strike 3's motion to seal an unredacted version of the complaint (Dkt. No. 10), and required Strike
12  3 to publicly file a version of the complaint and summons that redacted Mr. Andaya's name and
13  other personal identifying information.  Dkt. No. 9.  That order also provided that if Mr. Andaya
14  wished to proceed anonymously in this action, he would need to file a motion seeking leave to do
15  so.  If no such motion was filed within two weeks from the date Mr. Andaya's response to the
16  complaint was due, Strike 3's complaint would be unsealed and the docket would be updated to
17  reflect Mr. Andaya's name.  *Id.*

18  The docket reflects that on February 24, 2021 Strike 3 personally served Mr. Andaya with
19  the Court's provisional sealing order, along with the unredacted complaint and summons and other
20  documents.  *See* Dkt. No. 14.  As noted above, Mr. Andaya has failed to answer the complaint or
21  otherwise appear in this matter.[2]

22  On Strike 3's motion, the Clerk of the Court entered Mr. Andaya's default on May 11,
23  2021.  Dkt. Nos. 17, 18.  Although the docket indicates that Strike 3 served Mr. Andaya by mail

---

serve a copy of this report and recommendation on Mr. Andaya, along with a chart that identifies the titles of the 35 films at issue.

[2] Accordingly, the Clerk of Court is directed to amend the case caption to reflect defendant's true name, Emmanuel Andaya, in place of "John Doe infringer identified as using IP address 73.162.81.234."

with a copy of its request for entry of default (Dkt. No. 19), Mr. Andaya has not filed any response.

Strike 3 now moves for default judgment on its sole claim for direct copyright infringement, seeking $26,250.00 in statutory damages and $658.97 in costs, as well as a permanent injunction.[3] Strike 3 also requests that the Court retain jurisdiction over this action to enforce the judgment for a period of six months or until the judgment is satisfied.

Although the docket indicates that Strike 3 served its motion for default judgment on Mr. Andaya by mail (Dkt. No. 22), he has never filed a response. At the Court's request, Strike 3 submitted further briefing to address the impact, if any, of *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018) in the default judgment context. Dkt. Nos. 24, 25. Briefing on this matter is closed. Civil L.R. 7-2, 7-3. Strike 3's motion for default judgment is deemed suitable for determination without oral argument. Civil L.R. 7-1 (b).

## II.     LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). After entry of default, a court may, in its discretion, enter default judgment. Fed. R. Civ. P. 55(b)(2);[4] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages.

---

[3] Although the Copyright Act authorizes an award of reasonable attorney's fees, 17 U.S.C. § 505, Strike 3 does not seek its fees. *See* Dkt. No. 20-2 ¶ 13.

[4] "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). There are no such issues presented here. Strike 3 also avers that on information and belief, Mr. Andaya is not in active military service. Dkt. No. 20-2 ¶ 11.

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  The court may hold a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2).

### III.   DISCUSSION

#### A.   Subject Matter Jurisdiction and Personal Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  In the present action, federal question jurisdiction is based on Strike 3's claim for relief under the Copyright Act, 17 U.S.C. § 501, *et seq*.  *See* 28 U.S.C. §§ 1331, 1338.  This Court is also satisfied that personal jurisdiction exists over Mr. Andaya because he is alleged to reside in this judicial district.  *See* Dkt. No. 10 ¶¶ 9, 12.

#### B.   Service of Process

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, an individual defendant may be served by:  (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e)(2).  Alternatively, an individual defendant may be served with process pursuant to the law of the state where the district court is located.  Fed. R. Civ. P. 4(e)(1).  Under California law, individual defendants may be served by several means, including personal delivery of the summons and complaint to the individual or the individual's authorized agent.  Cal. C.C.P. §§ 415.10, 416.90.

The record indicates that Mr. Andaya was personally served with process at his residence on February 24, 2021.  Dkt. No. 14.

#### C.   *Eitel* Factors

For the reasons discussed below, the *Eitel* factors weigh in favor of entering default judgment.

### 1. The possibility of prejudice to Strike 3

The first *Eitel* factor requires the Court to consider whether Strike 3 would be prejudiced if default judgment is not entered. Unless default judgment is entered, Strike 3 will have no other means of recourse or recovery. That is sufficient to satisfy this factor. *See, e.g. Michael Grecco Prods., Inc. v. 8 Decimal Capital Mgmt., LLC*, No. 20-cv-07466-HSG (TSH), 2021 WL 2534567 at *4 (N.D. Cal. June 1, 2021), report and recommendation adopted, No. 20-cv-07466-HSG, 2021 WL 2531093 (N.D. Cal. June 21, 2021); *Cobbler Nevada, LLC v. Inglesias*, No. 15-cv-05313-EDL, 2016 WL 8453643, at *2 (N.D. Cal. Dec. 16, 2016), report and recommendation adopted, No. 15-cv-5313 CRB, 2017 WL 878039 (N.D. Cal. Mar. 6, 2017).

### 2. The merits of Strike 3's claim and the sufficiency of the complaint

The second and third *Eitel* factors address the merits and sufficiency of Strike 3's claim as pled in the complaint. Courts often analyze these two factors together. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an Eitel analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").

To state a claim for copyright infringement, Strike 3 must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also* 17 U.S.C. § 501. Strike 3 alleges that it is the owner of the 35 registered copyrighted films at issue. Dkt. No. 10 ¶¶ 2, 42, 45, 56 and Ex. A. Additionally, Strike 3 alleges that its investigation revealed that Mr. Andaya willfully copied and distributed the films in question using the BitTorrent protocol, without Strike 3's authorization, permission or consent, thereby violating Strike 3's exclusive rights to reproduce, distribute, perform, and display the films in question. *Id*. ¶¶ 43, 44, 57, 58, 59, 60.

Once Strike 3 learns the defendant's identity, it cannot rely on a bare allegation that a defendant is the registered subscriber of an IP address associated with infringing activity to state a plausible claim for direct or contributory copyright infringement. *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018). "Because multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the

1 puzzle. A plaintiff must allege something more to create a reasonable inference that a subscriber
2 is also an infringer." *Id*. at 1145. Courts have denied motions for default judgment where the
3 plaintiff failed to allege any facts beyond the defendant's status as the subscriber associated with
4 the IP address at issue. *See, e.g., Malibu Media, LLC v. Causa*, No. 1:19-CV-963 (NAM/ML),
5 2020 WL 5408994, at *2 (N.D.N.Y. Sept. 9, 2020) (concluding that the complaint failed to state a
6 plausible claim "because the only allegation that connects [defendant] to the infringing activity is
7 that he is the internet subscriber associated with the IP address which was used to download and
8 share Plaintiff's copyrighted films."); *Malibu Media, LLC v. Doe*, No. 3:18-cv-01369 (JAM),
9 2020 WL 4719219, at *1 (D. Conn. Aug. 13, 2020) (finding that plaintiff failed to allege plausible
10 ground for relief because it "d[id] not allege any additional facts beyond Doe's subscriber status to
11 show that he engaged in the unlawful downloading of Malibu Media films[.]"); *Malibu Media,*
12 *LLC v. Peled*, No. 2:18-cv-00141-KSH-CLW, 2020 WL 831072, at *3 (D.N.J. Feb. 20, 2020)
13 (concluding that defendant's "status as the subscriber of the IP address is insufficient to prove that
14 he was in fact the infringer of the copyrighted materials.").

15 This Court is satisfied that Strike 3 has alleged sufficient additional facts, beyond Mr.
16 Andaya's status as the subscriber of the IP address at issue, to support a plausible claim for relief.
17 Strike 3 alleges that Mr. Andaya is the infringer based on its investigation of social media and
18 other publicly available information indicating a connection between his professional interests
19 (criminal justice and information technology) and other materials downloaded and distributed
20 using the same IP address. Dkt. No. 10 ¶¶ 12, 47-54. Additionally, in supplemental briefing,
21 Strike 3 has submitted the declaration of Jessica Fernandez, the senior in-house counsel for
22 Strike's 3's parent company, who attests to the following facts revealed by Strike 3's
23 investigation: (1) the subscriber and location information Strike 3 received in response to its
24 court-authorized subpoena to the ISP confirmed the information Strike 3 obtained in its
25 geolocation investigation; (2) during an 18-month period, Strike 3's software determined that a
26 single BitTorrent client (with only one change reflecting updated μTorrent software) was used to
27 download and distribute all works through the IP address in question, suggesting that an individual
28 using one computer downloaded and distributed Strike 3's films using the BitTorrent protocol;

(3) during the same 18-month period, the same IP address was used to download and distribute 1,696 mainstream media, suggesting that the infringer likely is a permanent resident at the identified address; (4) approximately 15 days after Strike 3 served the court-authorized subpoena on the relevant ISP (i.e., after the subscriber would have received notice from the ISP of the infringing activity), the substantial BitTorrent activity associated with the subject IP address came to an abrupt and complete halt; (5) while Mr. Andaya apparently lives at the residence with his wife and teenage daughter, he is the lone male occupant of the home; and, Strike 3's customer demographics indicate that its films are generally more popular with males than females; and (6) after Mr. Andaya was personally served with the complaint and summons, his social media pages were taken down. Dkt. No. 25, Ex. A. Courts have granted motions for default judgment based on a similar showing by the plaintiff. *See, e.g., Malibu Media, LLC v. Mantilla*, No. 3:18-cv-01369 (JAM), 2020 WL 6866678 (D. Conn. Nov. 20, 2020) (granting motion for default judgment); *Malibu Media v. Flanagan*, No. 2:13-CV-5890, 2014 WL 2957701 (E.D. Pa. July 1, 2014) (granting motion for default judgment); *see also, e.g., Malibu Media, LLC v. Doe*, No. 18 C 450, 2019 WL 8301066 (N.D. Ill. June 5, 2019) (denying motion to dismiss).

This Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

### 3. The amount of money at stake

Under this factor, the court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1050. "When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored." *Michael Grecco Productions, Inc.*, 2021 WL 2534567 at *5 (quoting *Eitel*, 782 F.2d at 1472). "'However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate.'" *Id.* (quoting *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014)).

Under the Copyright Act, an infringer is liable for either the copyright owner's actual damages (plus any additional profits of the infringer) or statutory damages. 17 U.S.C. § 504(a). Strike 3 seeks statutory damages, in which case it may recover "a sum of not less than $750 or more than $30,000" per infringed work, "as the court considers just." *Id.* § 504(c)(1). "In a case

7

where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id*. § 504(c)(2). For purposes of statutory damages, "all the parts of a compilation or derivative work constitute one work." *Id*. § 504(c)(1). "'Both the text of the Copyright Act and its legislative history make clear that statutory damages are to be calculated according to the number of works infringed, not the number of infringements.'" *Synopsys, Inc. v. ATopTech, Inc.*, No. C-13-02965-MMC (DMR), 2015 WL 1197705, at *3 (N.D. Cal. Mar. 16, 2015) (quoting *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C.Cir.1990)). *Accord Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc*., 658 F.3d 936, 946 (9th Cir.2011) ("[W]hen statutory damages are assessed against one defendant . . . each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work.") (citation omitted). However, statutory damages are unavailable if "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(1)-(2).

Strike 3 requests the minimum statutory damages of $750 for each of the 35 works at issue, for a total of $26,250. Strike 3's complaint indicates that while the alleged infringing activity occurred before the effective date of each film's registration, each film was registered within three months after the date of publication. Dkt. No. 10, Ex. A; *see* 17 U.S.C. § 412(2). Although the sum requested is not insubstantial, this Court finds Strike 3's request reasonable and just. *See, e.g., Inglesias*, 2016 WL 8453643 at *3 (recommending statutory minimum damages); *UMG Recordings, Inc. v. Sanchez*, No. C 06-03457 JSW, 2007 WL 485955 (N.D. Cal. Feb. 12, 2007) (adopting report and recommendation for award of statutory minimum damages for the 11 copyrighted works at issue); *Elektra Entm't Group, Inc. v. Keys*, No. C06-2047 SBA, 2007 WL 81912 (N.D. Cal. Jan. 9, 2007) (adopting report and recommendation for award of statutory minimum damages for the 21 copyrighted works at issue).

#### 4. The possibility of a dispute concerning material facts

The fifth *Eitel* factor requires the Court to consider the possibility of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471-72. Because Mr. Andaya has not appeared, and because all liability-related allegations are deemed true, there is little possibility of a dispute as to material facts. Moreover, for the reasons discussed above, Strike 3 has alleged sufficient facts to support a plausible claim for relief. This factor weighs in favor of default judgment. *See, e.g., Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 (finding that this factor weighed in favor of default judgment where the defendant failed to address any specific allegations of the complaint).

#### 5. Whether defendant's default was due to excusable neglect

There is no indication that Mr. Andaya's default was due to excusable neglect. *Eitel*, 782 F.2d at 1472. As discussed, the record demonstrates that Strike 3 personally served Mr. Andaya with notice of this lawsuit and also mailed to him a copy of its request for entry of his default and the present motion for default judgment. Dkt. Nos. 14, 19, 22. Additionally, Strike 3's counsel avers that prior to filing the present motion for default judgment, he sent a letter to Mr. Andaya stating that if he did not respond to the complaint by May 11, 2021, then Strike 3 would request entry of his default and proceed with a motion for default judgment. Dkt. No. 20-2 ¶ 8, Ex. 1. Mr. Andaya has never appeared or responded, suggesting that he has chosen not to present a defense in this matter. This factor also weighs in favor of default judgment.

#### 6. The strong policy favoring decisions on the merits

While "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, Mr. Andaya's failure to participate in this litigation makes that impossible. *See Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 ("Although the Federal Rules espouse a preference for resolving cases on their merits, defendants' failure to comply with the judicial process makes a decision on the merits likely impossible.") (citation omitted). This factor weighs in favor of default judgment.

### D. Requested Relief

#### 1. Statutory Damages

As discussed above, Strike 3 requests minimum statutory damages of $750 for each of the

9

35 copyrighted works at issue. 17 U.S.C. § 504(c)(1). For the reasons discussed above, this Court finds Strike 3's request for minimum statutory damages to be reasonable and recommends that Strike 3 be awarded a total of $26,250.

### 2. Costs

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. Strike 3 requests $400 for the filing fee and $258.97 for the service of process fee. The record supports these costs, which this Court finds reasonable. Dkt. No. 1; Dkt. No. 14; Dkt. No. 20-2 ¶ 12.

### 3. Permanent Injunction

Strike 3 requests a permanent injunction enjoining Mr. Andaya from:

> directly, contributorily or indirectly infringing [Strike 3]'s rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) and/or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of [Strike 3].

Dkt. No. 20-3 at 3. Strike 3's proposed injunction appears to define "Works" to mean the 35 specific copyrighted works at issue. *Id*. at 2. Strike 3 also requests an order requiring Mr. Andaya to "destroy all copies of [Strike 3]'s works that [Mr. Andaya] has downloaded onto any computer hard drive or server without [Strike 3]'s authorization and shall destroy all copies of the Works transferred onto any physical medium or device in [Mr. Andaya]'s possession, custody, or control." *Id*. at 3.

For the reasons discussed below, this Court finds that the requested injunctive relief is reasonable insofar as it pertains to Strike 3's rights under the Copyright Act for the 35 films identified in the complaint.

The Copyright Act authorizes "temporary and final injunctions" on such terms as the Court may deem reasonable "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Additionally, courts may order destruction of unauthorized copies of copyrighted works. *Id*. § 503(b). "According to well-established principles of equity," to obtain a permanent injunction

10

Strike 3 must demonstrate four factors:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

This Court finds that Strike 3 has established that all four factors are satisfied and that a permanent injunction is warranted. Strike 3 says that "piracy is a major threat to [the] company" and that it "can compete in the industry, but not "when [its] content is stolen." Dkt. No. 25, Ex. B ¶ 26. According to the complaint, Mr. Andaya unlawfully downloaded and distributed 35 of Strike 3's copyrighted films globally through the BitTorrent network, and his infringing activity is continuous and ongoing. Dkt. No. 10 ¶¶ 4, 5, 43, 44, 57, 58, 59, 60. In view of the decentralized nature of the BitTorrent protocol,[5] Strike 3 says that tracing the extent and magnitude of the damage is impossible. Dkt. No. 20-1 at 9. Strike 3 further states that it has discovered that when it puts videos online for paid members to view, its films are often made available, illegally, in less than a day and that online infringement allows its films to be made "available for free in just minutes." Dkt. No. 25, Ex. B ¶¶ 27, 29. *See generally, e.g., Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 949 (N.D. Cal. 2009), *aff'd*, 658 F.3d 1150 (9th Cir. 2011) (finding irreparable injury where infringement harms the competitive position and market share of the copyrighted work). The record suggests that without a permanent injunction, Mr. Andaya will likely continue his infringement, exposing Strike 3 to further injury and requiring repeated lawsuits for ongoing infringement. Indeed, in failing to appear and defend this action, he has given no indication that he will respond to Strike 3's allegations, much less cease his infringing activities, although he appears to have eliminated his social media presence and ceased use of the BitTorrent protocol that Strike 3 used to identify him. *See Michael Grecco Productions, Inc.*, 2021 WL 2534567 at *6 ("Monetary damages are not sufficient to compensate[plaintiff] for this injury because it would be

---

[5] *See generally Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1035-36 (9th Cir. 2018) (describing piracy via peer-to-peer BitTorrent networks).

forced to bring repeated lawsuits to recover for ongoing infringement."); *Inglesias*, 2016 WL 8453643 at *4 ("Defendant's failure to respond to the suit, alongside Plaintiff's pleadings, suggests that Defendant's infringing activities will not cease absent judicial intervention."). Mr. Andaya will not suffer a hardship from an injunction that prohibits him from *illegally* downloading and distributing Strike 3's works—i.e., conduct that he has no right to engage in at all. Nothing in the proposed injunction prohibits Mr. Andaya from lawfully accessing Strike 3's films. Under the facts presented here, this Court agrees that the public interest will not be disserved by Strike 3's requested injunctive relief. *See generally Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1222 (C.D. Cal. 2007) ("The public interest in receiving copyrighted content for free is outweighed by the need to incentivize the creation of original works.").

This Court finds Strike 3's request for an injunction regarding the 35 films in question to be reasonable. However, insofar as Strike 3 seeks an injunction concerning rights that have not been clearly identified in this litigation or works beyond the 35 films in question for which infringement has not been established, the Court declines to recommend an injunction of the scope proposed by Strike 3. *See, e.g Strike 3 Holdings, LLC v. Doe*, No. 2:18-cv-5305 (DRH) (SIL), 2021 WL 21532 (E.D.N.Y. Jan. 4, 2021) (granting permanent injunction as to the particular films identified in the chart appended to Strike 3's complaint); *Mantilla*, 2020 WL 6866678 at *6 ("However, to the extent Malibu Media requests I enjoin 'all other persons who are in active concert or participation' with Mantilla and order Mantilla to destroy its 'works' beyond the infringing copies and related files, I will decline to do so. I will not enter judgment against unknown parties not named defendants in this lawsuit or address ambiguous 'works' for which infringement has not been established."); *see also Michael Grecco Productions, Inc.*, 2021 WL 2534567 at *7 (limiting injunction to the copyrighted photograph at issue).

## IV. CONCLUSION

Because not all parties have consented to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a district judge. For the reasons discussed above, it is RECOMMENDED that Strike 3's motion for default judgment be granted as modified.

12

Specifically, this Court recommends that:

1. The Court award Strike 3 $26,250 in statutory damages and $658.97 in costs, for a total award of $26,908.97. Interest shall be allowed at the current legal rate allowed and accruing under 28 U.S.C. § 1961, as of the date default judgment is entered until the date the judgment is satisfied.
2. The Court issue a permanent injunction as follows:
   a. Mr. Andaya is enjoined from directly, contributorily or indirectly infringing Strike 3's rights under the Copyright Act, 17 U.S.C. § 501, *et seq*., in the Works listed in the chart appended to its complaint and this report and recommendation, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) and/or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Strike 3.
   b. Mr. Andaya shall destroy all copies of Strike 3's Works listed in the chart appended to this report and recommendation that he has downloaded onto any computer hard drive or server without Strike 3's authorization and shall destroy all copies of the Works transferred onto any physical medium or device in his possession, custody, or control.
3. The Court retains jurisdiction over this action for six months after the entry of judgment, to enforce relief.

Strike 3 shall promptly serve Mr. Andaya with this report and recommendation, including the chart appended hereto, and file a proof of service with the Court. As noted above, Strike 3 shall also provide Mr. Andaya with the titles of the films corresponding to the films identified in the appended chart. Any party may serve and file objections to this report and recommendation

within 14 days after being served.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civ. L.R. 72-3.

Dated: November 4, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge